UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PRESTON T. MATHIS, | ) | CASE NO. 1:13 CV 1722 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DR. BAUMANN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Plaintiff *pro se* Preston T. Mathis filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate incarcerated at Lorain Correctional Institution (LCI). He sues the following individuals in their individual and official capacities: Dr. Baumann, Dr. Airaldi, Martin Akusoba, Alice Cain, Sharon Berry, Nurse Less, M. Contoni, Manish B. Joshi, and LCI Warden Clipper. He alleges the defendants denied him medical care in violation of the Eighth Amendment to the United States Constitution. He also alleges state law negligence and medical malpractice claims. Plaintiff seeks $1 million in compensatory damages, with $10,000.00 from each defendant, as well as preliminary and permanent injunctive relief.

.

**BACKGROUND**

Plaintiff alleges the following. He injured his back in 1996 at Trumbull Correctional Institution (TCI). He received treatment at the Ohio State University (OSU) Hospital and was provided pain medication and medical restrictions. A bottom bunk restriction was ordered. Plaintiff was later transferred to Marion Correctional Institution and again examined by OSU medical staff who advised him the disc in his lower back was worn and there was evidence of arthritis. Plaintiff was prescribed muscle relaxers along with his pain medication until his release from prison in 2001.

Plaintiff continued to suffer severe back pain and was seen by a doctor at St. Vincent Charity Hospital who prescribed continued use of the muscle relaxers, same medications, and physical restrictions. Plaintiff returned to prison in 2008. While being held at the Cuyahoga County Jail, pending transfer to LCI, another inmate assaulted him. The attack resulted in an injury to plaintiff's chin for which he received surgery. When plaintiff arrived at LCI, he was assigned a bottom bunk and prescribed pain medication.

In November 2008, plaintiff was transferred to Mansfield Correctional Institution (MCI). During his initial screening and physical examination, he advised the medical assistant that his jaw was recently injured and experienced "lower back pain and discomfort." Plaintiff was temporarily assigned a bottom bunk and given a small supply of Ibuprofen. Shortly thereafter, plaintiff was examined by Dr. Airaldi and requested a bottom bunk. Dr. Airaldi decided, contrary to the diagnoses from the OSU Hospital and St. Vincent Charity Hospital, that plaintiff was not entitled to a bottom bunk or any medical restriction, and he told plaintiff to purchase Tylenol from the commissary. Furthermore, although the OSU medical staff recommended an EtOH ("ethanol") injection to deaden the nerve in plaintiff's chin, Dr. Akusoba disapproved of the injection because it did not provide a

cure.

In June 2012, Plaintiff was transferred back to LCI. He was examined by Dr. Joshi, and although x-rays revealed arthritis in plaintiff's elbow, knees, and lower back, plaintiff was denied a bottom bunk and pain medication. Plaintiff was again told to purchase Tylenol.

Plaintiff filed grievances challenging the denial of a bottom bunk and pain medication. Currently, plaintiff is in a bottom bunk "by chance."

## **STANDARD OF REVIEW**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D.Ohio 1999)(If the prisoner's civil rights complaint fails to pass muster under the screening process of the Prison Litigation Reform Act (PLRA), the district court should *sua sponte* dismiss the complaint.)

## **DISCUSSION**

Plaintiff alleges that the defendants' refusal to provide him with a medical designation for a bottom bunk along with free prescription pain medicine, and failure to provide adequate treatment for his back and chin constitute deliberate indifference to his medical needs in violation of the Eighth Amendment.

The Prison Litigation Reform Act (PLRA) provides that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory ... and ... unexhausted claims cannot be brought in court." *Solomon v. Michigan Dept. of Corrections*, 478 Fed.Appx. 318 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Furthermore, for 42 U.S.C. § 1983 actions brought in Ohio, a two-year statute of limitations applies. *Rodriguez v. City of Cleveland*, 439 Fed.Appx. 433 (6th Cir. 2011) (citations omitted).

Plaintiff acknowledges in his Complaint that he filed informal complaints and grievances at MCI and LCI in July and October 2010, and on July 9 and July 24, 2012. Plaintiff submits copies of the grievances. The grievances filed in 2009 and 2010 are barred by the two-year statute of limitations given that plaintiff filed his Complaint herein in August 2013. Therefore, the Court is confined to the allegations set forth in the grievances filed in 2012 with LCI. Those two grievances allege only that defendants were deliberately indifferent to plaintiff's serious medical needs by denying him a bottom bunk. (Compl. Ex. A and B) Therefore, the Court will address the allegations in the Complaint relating to these grievances.

"To sustain a cause of action under § 1983 for a failure to provide medical treatment, a plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir.2001) (quoting *Estelle v. Gamble*, 429 U.S. 97,104 (1976)). Courts employ a two-prong test with objective and subjective components to assess such claims. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, we determine whether the plaintiff had a sufficiently serious medical need under the objective prong." *Burgess v. Fischer,* 735 F.3d 462 (6th Cir. 2013) (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir.2008). "A medical need is sufficiently serious if it has been diagnosed by a physician that has mandated treatment or it is so obvious that even a lay person would easily recognize the need for

medical treatment." *Id.* (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir.2004)). "Second, we determine whether the defendant had a sufficiently culpable state of mind in denying medical care under the subjective prong." *Id.* (citations omitted) "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2001)(citations omitted). "The requirement that the doctor has subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Burgess*, *supra* (citations omitted) "There must be a showing of more than mere negligence, but something less than specific intent to harm or knowledge that harm will result is required." *Id.* (citing *Farmer*, 511 U.S. at 835) "Where the plaintiff has received some medical treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citing *Westlake v. Lucas*, 537 F.2d 857 (6th Cir.1976)).

The facts alleged by plaintiff fail to demonstrate a deliberate indifference to a serious medical need. Plaintiff alleges the following. After his transfer to LCI, he was seen by Dr. Joshi in response to his complaints of pain and requests for pain medication and a lower bunk. At the first appointment, plaintiff was referred for x-rays of his lower back, knees, and elbows. At a follow-up visit, Dr. Joshi informed plaintiff that the x-rays showed arthritis in those areas. The doctor confirmed that the arthritis would cause pain climbing to the upper bunk. Despite this acknowledgment, Dr. Joshi told plaintiff that he would have to purchase Tylenol from the

commissary and denied him a bottom bunk restriction based only on prison medical protocol regarding bunk restrictions. (Compl. ¶¶ 90-105) The disposition of plaintiff's grievance states that Dr. Joshi was "following the medical protocol, you do not meet the criteria for a bottom bunk restriction per medical protocol B-19." The disposition further stated, "You were assigned a bottom bunk at your previous institution and when that expired you were seen by our medical staff who determined that you did not meet the B-19 protocol."  (Compl. Ex. A)

Plaintiff's own allegations show that he is merely disagreeing with Dr. Joshi's opinion as to the treatment of his back pain. According to plaintiff, Dr. Joshi examined plaintiff on two occasions in response to plaintiff's complaints, ordered x-rays, and formed an opinion based on the results of those x-rays.  Such a disagreement will not suffice to state an Eighth Amendment claim. "A difference of opinion between a prisoner and a doctor over diagnosis or treatment does not state an Eighth Amendment claim of deliberate indifference to a serious medical need." *Plunkett v. U.S.,* 1995 WL 566656 (6th Cir. 1995) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) ).  *See also Kirkham v. Wilkinson,* 101 Fed.Appx. 628 (6th Cir. 2004) (citations omitted) ("A plaintiff can show deliberate indifference by establishing that a defendant intentionally interfered with a prescribed course of treatment. However, a difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. This court is reluctant to second-guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment.); *Hix v. Tennessee Dept. of Corrections,* 196 Fed.Appx. 350 (6th Cir. 2006) ("At most, [plaintiff's] factual allegations might support a claim for medical malpractice, which does not take on constitutional proportions simply because [plaintiff] is incarcerated. In reality, his factual allegations established nothing more than

a mere difference of opinion with the doctors' diagnoses and prescribed treatment.")

Additionally, the disposition of plaintiff's grievance confirms that Dr. Joshi was following the prison medical protocol regarding the bunk restriction because plaintiff did not meet the criteria. While plaintiff alleges that Dr. Joshi was merely "acquiescing" in the protocol and thereby abandoning his medical knowledge and skill, plaintiff is only second-guessing the doctor's medical judgment.

Plaintiff fails to state an Eighth Amendment violation. With no federal claims remaining, the Court declines to exercise supplemental jurisdiction over the state law claims of negligence and medical malpractice. 28 U.S.C. § 1367.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (Doc. No. 2.) The Complaint is dismissed for failing to state a claim for federal relief pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                           /s/Patricia A. Gaughan  
                                                          PATRICIA A. GAUGHAN  
Date:   3/04/14                      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."